```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/13/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
        :
NATIONAL UNION FIRE INSURANCE COMPANY  :
OF PITTSBURGH, PA,        :
        :    16-CV-6461 (JMF)
        Petitioner,  :
        :
      -v-  :    MEMORANDUM OPINION
        :    AND ORDER
        :
SOURCE ONE STAFFING LLC,  :
        :
        Respondent.  :
        :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      This case, familiarity with which is presumed, relates to an arbitration proceeding between Petitioner National Union Fire Insurance Company ("National Union") and Respondent Source One Staffing, LLC ("Source One"). Pursuant to the terms of their arbitration agreement, each party has selected an arbitrator. Under the terms of the agreement, those arbitrators were supposed to appoint a third arbitrator, the umpire, but they have not done so. Frustrated by the delay, National Union now asks the Court to appoint the umpire. In doing so, it relies on both the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, and the language of the parties' agreement. Section 5 of the former directs a district court to "designate and appoint an arbitrator . . . or umpire, as the case may require," upon "the application of either party to the controversy" following "a lapse in the naming of an arbitrator . . . or umpire." 9 U.S.C. § 5. And the parties' agreement provides that, "if the two arbitrators fail to agree on a third arbitrator within 30 days of their appointment, either party may make application" to this Court (or any other "court of

competent jurisdiction in the City, County, and State of New York"). (Docket No. 5 ("Hart Decl."), Ex. 2 ("Addendum") § 5).

Upon review of the parties' submissions (Docket Nos. 1, 4, 5, 20, 21, 22 & 27), the Court concludes that it can and should exercise its authority under both the FAA and the parties' agreement to appoint an umpire. National Union appointed its arbitrator on February 26, 2016. (Hart Decl., Ex. 3 ("2016 E-mail Correspondence") at 4-5). It took almost two months, and several e-mail exchanges, before Source One appointed its arbitrator, on April 20, 2016. (*Id.* at 2-5). Pursuant to the parties' agreement, the deadline to appoint the umpire was therefore May 20, 2016. (Addendum § 5; *see also* Hart Decl., Ex. 1 ("Payment Agreement") at 8). Yet it was not until May 27, 2016, that the party-appointed arbitrators even exchanged lists of potential umpires. (Hart Decl. ¶ 3). Since that time, Source One and its chosen arbitrator have largely failed to engage in the process of selecting the umpire — despite repeated demands from National Union and the filing of this lawsuit. (Docket No. 4 ("Pet.'s Mem.") at 6-7; *see also* Hart Decl., Exs. 5-6). In these circumstances, it is appropriate for the Court to step into the breach. *See In re Salomon Inc . Shareholders' Derivative Litigation*, 68 F.3d 554, 560 (2d Cir. 1995) (interpreting the term "lapse" in Section 5 of the FAA to mean "a lapse in time in the naming of the arbitrator or in the filling of a vacancy on a panel of arbitrators, or some other mechanical breakdown in the arbitrator selection process" (internal citation and quotation marks omitted)); *In re Arbitration Between Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Personnel Plus, Inc.*, 954 F. Supp. 2d 239, 249 (S.D.N.Y. 2013) (appointing an umpire in a case involving the same contractual language as here and where, as here, the party-chosen arbitrators had failed to select the umpire within thirty days). Doing so gives effect to the parties' agreement to arbitrate, which is being frustrated by Source One's pattern of obstruction. *See generally Stolt-*

*Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) (stating that, when enforcing an arbitration agreement, courts "must give effect to the contractual rights and expectations of the parties").

The question, then, is which of the ten candidates proposed by the parties should be selected. The Court starts, as it must, with the parties' arbitration agreement. *See, e.g.*, *In re The Travelers Indem. Co.*, 3:04-mc-196 (TPS), 2004 WL 2297860, at *3 (D. Conn. Oct. 8, 2004); *In re Arbitration*, 954 F. Supp. 2d at 249. It provides that qualified arbitrators "must be executive officers or former executive officers of property or casualty insurance or reinsurance companies or insurance brokerage companies, or risk management officials in an Industry similar to [Source One's]." (Payment Agreement at 8). In light of that provision, three of Source One's proposed umpires — Jane Marie Downey, Olie Jolstad, and William Hager — are demonstrably unqualified. (Hart Decl., Exs. 12-14; *see also* Pet.'s Mem. 13). And while the other two — Jeffrey Posner and Kevin Quinley — are technically qualified, they are far less experienced with respect to arbitrations generally, and insurance arbitrations specifically, than all of the candidates proposed by National Union. (*See* Pet.'s Mem. 13). Of National Union's proposed candidates, the Court believes that Elizabeth Thompson is the most appropriate choice. She meets the requirements of the parties' agreement and, having previously served as an umpire in sixty-eight arbitrations concerning insurance and re-insurance disputes and as a party-appointed arbitrator in thirty such proceedings (*see id.* at 12; Hart Decl., Ex. 10), she plainly has sufficient experience to manage the parties' arbitration. *See In re The Travelers Indem. Co.*, 2004 WL 2297860, at *3 (noting that an appointing court should consider "the umpire's need to manage the arbitration

3

process in an organized, efficient, and fair manner" where, as here, no organization has been appointed to serve as an administrator).[1]

Accordingly, the Court exercises its authority under the FAA and the terms of the parties' arbitration agreement and appoints Elizabeth Thompson as umpire.  As that is the sole relief sought by National Union, the Clerk of Court is directed to close the case, without prejudice to either party reopening it within thirty days if Ms. Thompson does not or cannot accept appointment as the umpire.  To be clear, any application to reopen **must** be filed **within thirty days** of this Order; any application to reopen filed thereafter may be denied solely on that basis.

SO ORDERED.

Dated: October 13, 2016
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1] In her questionnaire, Ms. Thompson discloses that she has previously served as both a party-appointed arbitrator and an umpire in arbitrations involving National Union's parent company, AIG Insurance, and that she has dealt with National Union's party-appointed arbitrator previously, both on prior arbitration panels and through an arbitration association in which both are members. (Hart Decl., Ex. 10).  Such contacts are undoubtedly commonplace among arbitrators experienced in the insurance and reinsurance realms, and they do not appear to have been substantial enough to raise questions about Ms. Thompson's impartiality.  *Cf. Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 64 (2d Cir. 2012) (discussing the high standard of "evident partiality" in the context of reviewing an arbitration award).  Moreover, Source One makes no argument about Ms. Thompson's partiality (let alone qualifications), thereby waiving any such objection.