USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/17/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
:
NATIONAL UNION FIRE INSURANCE COMPANY :
OF PITTSBURGH, PA, :
: 16-CV-6461 (JMF)
Petitioner, :
:
-v- : MEMORANDUM OPINION
: AND ORDER
:
SOURCE ONE STAFFING LLC, :
:
Respondent. :
:
----------------------------------------------------------------------X

JESSE M. FURMAN, District Judge:

      This case, familiarity with which is presumed, relates to an ongoing arbitration proceeding between Petitioner National Union Fire Insurance Company ("National Union") and Respondent Source One Staffing, LLC ("Source One"). In the underlying arbitration — the details of which are largely irrelevant here — National Union alleges that Source One defaulted on its contractual obligations to make payments in exchange for insurance coverage between 2004 and 2009. By contrast, Source One contends that Broadspire Services, Inc., a third-party administrator hired by National Union, mishandled certain compensation claims on Source One's behalf. On February 23, 2017, the arbitration panel granted a motion filed by National Union and ordered Source One to post $3,314,634 in pre-hearing security. (Docket No. 30 ("Source One Mem."), Ex. 4). Source One now moves for an immediate stay of the arbitration and to vacate the panel's interim award requiring the posting of pre-hearing security. (Docket Nos. 39, 40, 41). National Union opposes Source One's motion and cross moves to confirm the interim award. (Docket Nos. 33, 42).

It is well established that "[a]rbitration awards are subject to very limited review" in federal court. *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008) (internal quotation marks omitted). Specifically, under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, a reviewing court must confirm an arbitration award unless one of several narrow grounds for vacatur or modification is present. *See* 9 U.S.C. §§ 9-11; *STMicroelectronics, N.V. v. Credit Suisse Secs. (USA) LLC*, 648 F.3d 68, 74 (2d Cir. 2011). One such ground — the only one potentially applicable here — is where an arbitrator "refus[es] to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). That ground is an extension of the proposition that an arbitrator "must give each of the parties to the dispute an adequate opportunity to present its evidence and argument." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997). Notably, however, an arbitrator "need not follow all the niceties observed by the federal courts." *Id.* Moreover, to warrant vacatur, "[t]he misconduct must amount to a denial of fundamental fairness of the arbitration proceeding." *Id.* (citing *Transit Cas. Co. v. Trenswick Reins. Co.*, 659 F. Supp. 1346, 1354 (S.D.N.Y. 1987)).

More broadly, the "party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *STMicroelectronics*, 648 F.3d at 74 (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). Indeed, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court's conviction that the arbitrator has committed serious error in resolving the disputed issue does not suffice to overturn his decision." *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat'l Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009) (internal quotation marks omitted). Additionally, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the

case." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted); *see also Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 125 (2d Cir. 2011) (noting the "substantial deference . . . accorded to an arbitrator's decision that is rendered within the authority given her by the parties and under law" (internal quotation marks omitted)); *Southerndown, Inc. v. HSS LLC*, No. 11-CV-8619 (TPG), 2012 WL 265987, at *1 (S.D.N.Y. Jan. 27, 2012) ("[T]he court should defer to the arbitrator's decision so long as there is a barely colorable justification for it" (internal quotation marks omitted)).

Applying those principles here, there is no question that the panel's interim award must be confirmed.[1] As an initial matter, the terms of the agreement between the parties expressly authorized the panel to require Source One to post pre-hearing security. (Source One Mem., Ex. A at 9 (stating that the panel "may order [Source One] to provide collateral to the extent required by this Agreement"); *see also id.* at 6 (requiring Source One "to deliver . . . additional collateral" on written notice from National Union)). Second, given Source One's undisputed financial difficulties (*see, e.g.*, Docket No. 45 ("Source One Reply"), at 9 (noting that the company may need to seek bankruptcy protection if the panel's order is enforced)), the arbitration panel acted well within its authority to take steps to ensure that any final award would not be rendered meaningless. *See, e.g.*, *On Time Staffing, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 784 F. Supp. 2d 450, 455 (S.D.N.Y. 2011) (stating that without the ability to require the posting of security, "an arbitration panel with a well-founded concern that a party was financially unable

---

[1] Although the award is interim in nature, it is nevertheless considered "final" for purposes of judicial review in this Court. *See, e.g.*, *Banco de Seguros del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 362, 369 (S.D.N.Y. 2002) ("[N]umerous district courts in this Circuit have held that an arbitration panel's interim order requiring prejudgment security is sufficiently final to allow for federal court review."); *British Ins. Co. of Cayman v. Water St. Ins. Co.*, 93 F. Supp. 2d 506, 514 (S.D.N.Y. 2000) ("[A]n award of temporary equitable relief such as a security award, separable from the merits of the arbitration, is subject to federal review.").

3

to satisfy an eventual award would have no recourse to protect itself against the risk that its significant expenditures of time and effort would be for naught"); *British Ins. Co. of Cayman v. Water St. Ins. Co.*, 93 F. Supp. 2d 506, 516 (S.D.N.Y. 2000) ("Courts in this Circuit have firmly established the principle that arbitrators operating pursuant to [arbitration agreement] provisions have the authority to order interim relief in order to prevent their final award from becoming meaningless."). Thus, a "colorable justification" for the arbitration award certainly exists. *Id.*

In arguing otherwise, Source One relies almost exclusively on *Home Indemnity Co. v. Affiliated Food Distributors, Inc.*, No. 96-CV-9707 (RO), 1997 WL 773712 (S.D.N.Y. Dec. 12, 1997), in which the Court vacated an award because the arbitration panel had "specifically conditioned . . . discovery on [the] posting of security," refused "even a threshold review of the underlying dispute," and denied the losing party a "fundamentally fair hearing." *Id.* at *2, 3, 5 (internal brackets and quotation marks omitted). (Source One Mem. 5; Source One Reply 6). But *Home Indemnity* is easily distinguished from this case. For one thing, the panel here did not preclude discovery, let alone *condition* all discovery on the posting of a security. *See Home Indem.*, 1997 WL 773712 at *4; *see also Al Maya Trading Establishment v. Glob. Exp. Mktg. Co.*, No. 16-CV-2140 (RA), 2017 WL 1050123, at *5 (S.D.N.Y. Mar. 17, 2017) (distinguishing *Home Indemnity* on similar grounds). Far from it: As Source One itself acknowledges, the arbitration panel affirmatively "directed" National Union "[f]rom the commencement of the Arbitration" to take steps to obtain materials Source One sought from Broadspire — even exercising its subpoena power to help retrieve the files at issue. (Source One Reply 7; Docket No. 35 ("Hart Decl."), Ex. 7). In the same vein, the panel here, unlike the panel in *Home Indemnity*, expressly ordered that discovery proceed while the motion for pre-hearing security was litigated. (Hart Decl., Ex. 5). In fact, National Union produced over 40,000 pages of

4

discovery to Source One prior to the interim award. (*See* Hart Decl. ¶ 14). Finally, unlike the panel in *Home Indemnity*, the panel here provided Source One with "an adequate opportunity to present its evidence and argument." *Tempo Shain Corp.*, 120 F.3d at 20. National Union's motion for pre-hearing security, for example, was the subject of extensive briefing and oral argument. (Hart Decl., Exs. 3, 4; Source One Mem., Ex. 3). And, as Source One itself admits, the company was able to present the essence of its argument on the merits through its expert's opinion that National Union and Broadspire had overpaid with respect to nine sample claims. (*See* Source One Reply 7).

In the final analysis, Source One does little more than complain that the panel issued its interim award without conducting a full hearing on the merits of its defenses. By its very nature, however, a request for pre-hearing security is made on a limited record at an early stage of the arbitration proceedings and may be ordered "before a full hearing on all defenses." *British Ins. Co*, 93 F. Supp. 2d at 518; *see, e.g.*, *Yasuda Fire & Marine Ins. Co. of Europe, Ltd v. Cont'l Cas. Co.*, 37 F.3d 345, 352 (7th Cir. 1994) (confirming an award of pre-hearing security at the outset of an arbitration and rejecting an argument that inquiry into defenses is necessary at that stage); *Atlas Assurance Co. of Am. v. Am. Centennial Ins. Co.*, No. 90-CV-5474 (WK), 1991 WL 4741, at *2 (S.D.N.Y. Jan. 16, 1991) (finding no violation of "fundamental fairness" where the panel had issued an interim award directing a defendant to post pre-judgment security after the panel had "received, considered and discussed the parties' statements of issues and heard verbal statements by the parties' representatives"); *see also, e.g.*, *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 259, 264 (2d Cir. 2003) (refusing, albeit in dicta, to reverse an arbitration panel's grant of pre-hearing security on "fundamental fairness" grounds). Indeed, if the Court "were to rule, as [Source One] urges, that it was denied due process for the sole reason

that the panel would not hear its substantive defenses in advance of its decision on the security, then any such interim security provision would be subject to reversal on its face if it were issued before a full hearing on all defenses." *British Ins. Co*, 93 F. Supp. 2d at 518. That is not the law.

For all of these reasons, Source One's motion for a stay of arbitration and to vacate the interim award is DENIED, and National Union's cross-motion to confirm the interim award is GRANTED. One issue remains: National Union's submissions are heavily redacted. (*See* Docket Nos. 43, 44). National Union contends that the redactions are proper because the redacted materials refer to information contained in the parties' Confidentiality Order. (Docket No. 32). As this Court has held, however, "the mere fact that information is subject to a confidentiality agreement between litigants is not a valid basis to overcome the presumption in favor of public access to judicial documents." *United States v. Wells Fargo Bank N.A.*, No. 12-CV-7527 JMF, 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015) (citing cases). Moreover, this Memorandum Opinion and Order relies on (indeed, discloses) much of the redacted content, which heightens the basis for public access. Accordingly, any party that believes that the papers should remain publicly filed only in redacted form shall file a letter brief, not to exceed five pages and no later than **May 31, 2017**, addressing the propriety of doing so. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (discussing the presumption in favor of public access). If no party files a brief justifying the maintenance of a particular document in redacted form, National Union shall publicly file an un-redacted version of the document on ECF **within two business days**.

The Clerk of Court is directed to terminate Docket Nos. 33, 39, 40, 41, and 42. Further, as there is no reason to keep the case open pending the arbitration, the Clerk is directed to

administratively close the case without prejudice to either party moving by letter motion to reopen the case within thirty days of the conclusion of the arbitration proceedings.

    SO ORDERED.

Dated: May 17, 2017
       New York, New York

JESSE M. FURMAN
United States District Judge